37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Enrique GALLEGOS-CORRALES, Defendant-Appellant.
 No. 93-50596.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1994.
Decided Oct. 7, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The evidence was sufficient to establish Gallegos-Corrales's connection to the drug conspiracy. Gallegos-Corrales carried a telephone pager and appeared at the convenience store shortly after Martines and Silva made telephone calls which were similar to those made to pagers. He spoke to Martines at the convenience store, appeared to receive directions, and then followed Martines and Silva to Chalet Street. He handed Martines a white plastic bag, which a rational jury could have inferred contained the black plastic bag of cocaine. He followed Silva and Martines to the hotel where the drug transaction was to take place. A loaded handgun was found on the driver's side floorboard of Gallegos-Corrales's car. Viewing the record as a whole in the light most favorable to the government, there was ample evidence upon which a rational jury could conclude that Gallegos-Corrales knew about the conspiracy and intentionally acted to further it. See United States v. Mares, 940 F.2d 455, 460 (9th Cir.1991).
 
 II
 
 3
 Based on the same evidence, a rational jury could have convicted Gallegos-Corrales of possession on an aiding and abetting theory. The evidence was sufficient to show that he "intentionally assisted in the venture's illegal purpose." United States v. Ramos-Rascon, 8 F.3d 704, 711 (9th Cir.1993) (citations omitted). That evidence was also sufficient to convict Gallegos-Corrales on a theory of direct possession, since a rational jury could conclude that the white bag contained the cocaine. See id. at 711.
 
 III
 
 4
 The evidence was sufficient to establish that Gallegos-Corrales carried the handgun "in relation to" the drug offenses. A conviction may be sustained under 18 U.S.C. Sec. 924(c) even if the firearm is not "within the defendant's reach during the commission of the crime or at the moment of arrest." United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991). "[A] firearm may be considered available for purposes of section 924(c)(1) if its physical proximity to the defendant at any time during the commission of the crime, or during arrest, supports the inference that it emboldened him to commit the underlying offense...." Id. at 1050. Even though the gun was not immediately available to Gallegos-Corrales at the time of arrest, it would have been available at the time he handed the white bag to Martines and during the drive to the hotel.**
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 In a separate published opinion, we reject Gallegos-Corrales's argument that the district court's jury instruction on the elements of Sec. 924(c) constituted plain error